[Crim. No. 1302.   Second Appellate District, Division One.—February 16, 1926.]

## THE PEOPLE, Respondent, v. DAVID DRYDEN, Appellant.

[1] CRIMINAL LAW—DRIVING AUTOMOBILE WHILE INTOXICATED—EVIDENCE—VERDICT.—In this prosecution for driving an automobile upon a public highway while under the influence of intoxicating liquor, although there was evidence in the case from which defendant's sobriety on the occasion in question might possibly have been deduced, the testimony of the witnesses for the prosecution, among whom were two policemen and a doctor who testified unqualifiedly that shortly after defendant had driven his automobile on a public highway he was intoxicated, coupled with certain incriminating admissions of defendant, was amply sufficient to sustain the verdict of guilty.

[2] ID.—STATEMENTS OF ARRESTING OFFICER TO DEFENDANT—EVIDENCE. The replies made by defendant to material and competent questions directly connected with the offense with which defendant was charged, or statements made by the arresting officer in the presence of defendant, might be admissible in certain circum-

---

1.   See 3 Cal. Jur. 1009, and Supplement.
2.   See 8 Cal. Jur. 102.

stances, but such rule should not be extended to a point which would permit the introduction of any and all statements made by the arresting officer to a defendant under the guise of noting the replies or the attitude of the defendant thereto.

[3] ID. — STATEMENTS IN PRESENCE OF DEFENDANT — EVIDENCE — INSTRUCTIONS—MISCARRIAGE OF JUSTICE.—In this prosecution for driving an automobile upon a public highway while under the influence of intoxicating liquor, any error of the trial court in permitting one of the police officers, over defendant's objection, to repeat a conversation with defendant and in which the latter was told "that he had been arrested before, almost been arrested, for the same thing not very long before that . . . that he had had a chance, that he had been arrested once before for being drunk and that he did not learn his lesson; had an awful time pulling his car out of the canyon that time," did not result in a miscarriage of justice, in view of the substantial character of the evidence showing guilt, and the statement of the court that "what occurred on some other occasion . . . has no value in that regard, but it is receivable only as discovering what reply the defendant made, if any, and what his attitude was when the question or statement was made to him."

[4] ID.—PRIOR ARRESTS — CROSS-EXAMINATION — MISCONDUCT OF DISTRICT ATTORNEY.—In such prosecution, where no direct evidence was admitted of the fact that defendant had ever been arrested on a charge of drunkenness, but defendant testified in his own behalf and, in response to questions asked him by his own counsel, denied that he had ever been arrested on a charge of having been intoxicated, the district attorney could not justly be charged with intentional misconduct for attempting in good faith to cross-examine defendant as to his arrest and forfeiture of bail on two specific dates stated by the district attorney; and where defendant's objection to the question was sustained by the court, and no assignment of misconduct on the part of the district attorney was made by defendant at the time, any slight prejudice that might have resulted to defendant could not have induced a miscarriage of justice.

(1) 16 **C. J.**, p. 631, n. 70; 29 **C. J.**, p. 670, n. 59.   (2) 16 **C. J.**, p. 633, n. 91, p. 634, n. 6, 7, 8.   (3) 17 **C. J.**, p. 317, n. 10, p. 321, n. 47, p. 327, n. 96.   (4) 17 **C. J.**, p. 298, n. 22, 23.

APPEAL from a judgment of the Superior Court of San Diego County. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. H. Egermayer and N. S. Hammack for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the offense of driving an automobile upon a public highway of this state at a time when defendant was under the influence of intoxicating liquor.

[1] It is contended by appellant that the evidence of defendant's guilt was insufficient to support the judgment. The witnesses for the prosecution, among whom were two policemen and a doctor, testified unqualifiedly that shortly after defendant had driven his automobile on a public highway he was intoxicated. Defendant himself testified that within twenty minutes next preceding his arrest he had taken two drinks of whisky. He also made certain incriminating admissions as to his condition at the time of his arrest, including the statement that he was in no condition to drive an automobile; and other witnesses gave testimony regarding acts and declarations on the part of defendant which were not consistent with normal, sober, conduct on his part—from all of which, notwithstanding other evidence in the case from which defendant's sobriety on the occasion in question might possibly be deduced, it follows that appellant's contention as to the insufficiency of the evidence to justify the verdict of the jury cannot be sustained.

Appellant also complains that the trial court erred in admitting in evidence over defendant's objection a statement made by one of the arresting officers to the effect that, in a conversation had between him and defendant, the arresting officer told defendant "that he had been arrested before, almost been arrested, for the same thing not very long before that . . . ; that he had had a chance, that he had been arrested once before for being drunk and that he did not learn his lesson then; had an awful time pulling his car out of the canyon that time."

At the time the evidence to which objection is made was admitted the judge of the trial court said:

"Well, that sort of evidence is receivable, but is not receivable as testimony of what occurred on some other occa-

sion, and has no value in that regard; but is receivable only as discovering what reply the defendant made, if any, and what his attitude was when the question or statement was made to him. That is the only reason that that sort of evidence goes in. It is not because of what the officer says to the individual whom he arrests, but it is the idea of what the arrested person says in reply to it. I think the motion should be denied, the jury bearing in mind my observation on the statement just made by the officer.''

Appellant now urges the point that defendant was prejudiced because evidence of another alleged offense by him was permitted to go before the jury. An examination of the statement made by the officer shows that, strictly speaking, he gave no testimony that defendant had actually committed any other offense. The officer was merely narrating what had occurred in the way of conversation between him and defendant. However, it is clear that whether before that time defendant had ever been arrested for the commission of a similar offense had no bearing upon the question of whether he was intoxicated at the time in question and at such time had been driving an automobile on a public highway. [2] As suggested by the judge of the trial court, the replies made by defendant to material and competent questions directly connected with the offense with which defendant was charged, or statements made by the arresting officer in the presence of the defendant, in certain circumstances (not here present) might be admissible in evidence; but it is plain that such a rule should not be extended to a point which would permit the introduction of any and all statements made by the arresting officer to a defendant under the guise of noting the replies or the attitude of the defendant thereto. If such flexibility of the principle should be recognized, the result would be that the rule which requires that a defendant be tried only for the offense of which he is charged would cease to exist. It would always be possible for some person, lacking possibly in the spirit of fairness to an accused, at any time before or even during the trial, to purposely engage the defendant in conversation and therein to either casually or pointedly refer to some other offense or difficulty laid to the door of the defendant and thereafter to testify to the details of such conversation, thereby insinuating into the minds of the members of the

jury evidence of former derelictions on the part of the defendant for the sole purpose of prejudicing the defendant's case. The rules of evidence adopted for the protection of litigants should not be so easily circumvented. The law forbids that to be done indirectly which may not be done directly. **[3]** In the case at bar, however, admitting the impropriety of placing before the jury the statements made by the arresting officer, to which objection is made, it must be assumed that the jury was guided by the statement made by the court to the effect that "what occurred on some other occasion . . . has no value in that regard, but it is receivable only as discovering what reply the defendant made, if any, and what his attitude was when the question or statement was made to him." The defendant testified that he had not been arrested before on a charge of drunkenness; nor was any evidence admitted that he had ever been arrested for the commission of such offense. Moreover, the evidence in the case, including the defendant's admission that he had been drinking whisky within twenty minutes next preceding the time of his arrest and that he was in no condition to drive an automobile, leaves no room for doubting the fact that the error in admitting the evidence to which reference has been had did not result in a miscarriage of justice, and consequently that it affords no ground for a reversal of the judgment. (Const., sec. 4½, art. VI.)

**[4]** In the same connection, misconduct of the district attorney is predicated upon the fact that, after defendant had testified in his own behalf and, in response to questions asked him by his counsel, had denied that he had ever been arrested on a charge of having been intoxicated, the district attorney, on cross-examination, inquired:

"Q. As a matter of fact, weren't you arrested on that charge of being drunk on July 19, 1924, and on November 24, 1924, on each of which occasions you forfeited the amount of fifteen dollars in police court as bail?"

It should be remembered that no direct evidence was admitted of the fact that defendant had ever been arrested on such a charge; and, consequently, no reason existed why defendant should deny that such was the fact. If he chose to do so, he presented an issue which, although irrelevant to the inquiry before the court, in a measure justified an

76 Cal. App.—34

attempt in good faith on the part of the district attorney by way of cross-examination to rebut it. The controversy arose through defendant's own act and he cannot justly charge the district attorney with intentional misconduct for attempting in good faith to cross-examine the defendant on testimony given by him. (*People* v. *Allen,* 166 Cal. 723, 732 [137 Pac. 1148].) It further appears that defendant's objection to the question propounded by the district attorney to the defendant was sustained by the court. No assignment of misconduct on the part of the district attorney was made by the defendant at the time. In view of all the circumstances, if any prejudice resulted to defendant from the asking of the question, it was very slight, and, like the statement made by the arresting officer regarding what he had told the defendant, could not have induced a miscarriage of justice.

It follows that the judgment should be affirmed, and it is so ordered.

Conrey, P. J., and York, J., concurred.